REPUBLIC FRANKLIN INSURANCE
COMPANY, Plaintiff–Appellee,

v.

ALBEMARLE COUNTY SCHOOL
BOARD, Defendant–
Appellant.

No. 10–1961.

United States Court of Appeals,
Fourth Circuit.

Argued: Dec. 8, 2011.

Decided: Feb. 24, 2012.

**ARGUED:** Annie Kim, Albemarle
County Attorney's Office, Charlottesville,
Virginia, for Appellant. Elizabeth S. Skill-
ing, Harman, Claytor, Corrigan & Well-
man, Richmond, Virginia, for Appellee.
**ON BRIEF:** Thomas S. Garrett, Harman,

Claytor, Corrigan & Wellman, Richmond, Virginia, for Appellee.

Before NIEMEYER, MOTZ, and FLOYD, Circuit Judges.

Judge NIEMEYER wrote the opinion, in which Judge MOTZ and Judge FLOYD joined.

## OPINION

NIEMEYER, Circuit Judge:

Republic Franklin Insurance Company commenced this action against its insured, the Albemarle County (Virginia) School Board, for a declaratory judgment that Franklin Insurance owed no duty to defend the School Board in an action commenced by School Board employees for violations of the Fair Labor Standards Act ("FLSA" or "the Act") nor any duty to indemnify the School Board for any judgment that might be entered in the action. The employees alleged that the School Board had failed to pay them for all the work they had done and failed to pay them the overtime rate when they worked over 40 hours in a week. Franklin Insurance asserted (1) that the FLSA violations were not "wrongful acts" as covered by the commercial insurance policy it issued to the School Board and (2) that any judgment that might be entered against the School Board would not impose "losses" on the School Board, as "loss" is defined in the policy.

The district court entered summary judgment in favor of Franklin Insurance, holding that the School Board's failures to pay its employees in accordance with the FLSA were not "wrongful acts" covered by the policy because the School Board had a preexisting duty to pay its employees in compliance with the Act. The court also concluded that any judgment that might be entered against the School Board for failure to comply with the FLSA would not cause the School Board to sustain a "loss" as defined in the policy.

We reverse, concluding that the failure to comply with the FLSA was a wrongful act and that, while a judgment awarding unpaid wages would not be a covered loss under the policy because payment of those wages was a preexisting duty, any obligation to pay liquidated damages and attorneys' fees would cause the School Board a loss from a wrongful act, covered by the policy.

## I

In January 2010, six employees of the School Board, who were either bus drivers or "transportation assistants" hired to maintain and clean buses, commenced an action against the School Board under the FLSA on behalf of themselves and other employees similarly situated for unpaid wages and overtime pay. They asserted that they were not paid for all of the time that they worked and that they were not paid at the premium overtime rate when they worked for more than 40 hours in a week. They demanded, among other things, unpaid wages and overtime pay, liquidated damages as authorized by the FLSA, and attorneys' fees. As of July 2010, approximately 90 present and former employees had opted into the action, pursuant to 29 U.S.C. § 216(b).

The School Board promptly tendered the defense of the action to Republic Franklin Insurance Company, which had issued a "commercial package" insurance policy to the School Board. Franklin Insurance agreed to defend the action with a reservation of rights to challenge coverage. It also commenced this action, requesting a declaratory judgment that it did not have the obligation either to defend the underlying FLSA action or to indemnify the School Board for any judgment that the

School Board might be required to pay. In its answer, the School Board filed a counterclaim for a declaratory judgment that Franklin Insurance had a duty to defend the action and to indemnify it for the amount of any judgment that might be entered.

On the parties' cross-motions for summary judgment, the district court entered judgment, dated July 23, 2010, in favor of Franklin Insurance, declaring that Franklin Insurance owed no duty to defend or to indemnify the School Board. In its opinion, the court concluded that the "insured's negligent, willful, or intentional failure to honor a pre-existing obligation to pay money is not a 'wrongful act' as that term is used in the policy.... To find otherwise could encourage parties to routinely circumvent the requirements of the FLSA—whether negligently, willfully, or intentionally—because they have nothing to lose." The court also concluded that the School Board had not demonstrated its potential liability for a "loss" falling within the policy's definition of "loss." It noted that the definition of loss "expressly excludes 'penalties imposed by law.' ... [T]he statute clearly designates liquidated damages and attorneys' fees as 'Penalties,' and the policy unambiguously excludes such amounts from the definition of 'loss.' " The court also found that because the claim for back wages was not a claim for "damages," as required by the definition of loss, but rather an existing operating cost, so too was a claim for the liquidated damages and attorneys' fees not a loss "because that claim did not exist independently of the claim for back wages." Finally, the court concluded, "if the failure to pay wages does not constitute a 'wrongful act' under the policy, it follows that the statutory remedies allowable in connection with any failure to pay those wages do not result from a claim for a wrongful act."

From the judgment declaring that Franklin Insurance's policy does not cover the claims made in the underlying FLSA action, the School Board appeals, arguing only that the claims for liquidated damages and attorneys' fees were covered by the policy because liquidated damages and attorneys' fees were not preexisting obligations but damages resulting specifically from its wrongful acts in not paying the wages required by the FLSA.

II

■■■ The parties agree that Virginia law applies in this diversity action, *see Resource Bankshares Corp. v. St. Paul Mercury Ins. Co.,* 407 F.3d 631, 635 (4th Cir.2005), and that under Virginia law, the interpretation of an insurance policy follows the same principles as the interpretation of any other contract and is a question of law for the court, *see Seabulk Offshore, Ltd. v. Am. Home Assurance Co.,* 377 F.3d 408, 419 (4th Cir.2004); *State Farm Fire & Cas. Co. v. Walton,* 244 Va. 498, 423 S.E.2d 188, 191 (1992). While the initial burden of proving coverage falls on the insured, *Resource Bankshares,* 407 F.3d at 636, "doubts over coverage are typically to be resolved in favor of the [insured] and against a limitation of coverage." *CACI, Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.,* 566 F.3d 150, 155 (4th Cir.2009).

Under the terms of the commercial policy issued by Franklin Insurance to the School Board, Franklin Insurance agreed to "pay for all 'loss' resulting from a 'claim' for a 'wrongful act' to which this insurance applies." The policy defines "loss" as "any amount which an insured is legally obligated to pay as damages," and the term includes coverage for punitive damages "where insurable by law." "Loss," however, does not include "fines or penalties imposed by law" or "operating costs of [the insured's] institution such as would be in-

cluded in [the insured's] 'educational institution's' budget." The policy defines "wrongful act" as "any breach of duty, neglect, error, omission, misstatement, or misleading statement in the discharge of 'educational institution' duties."

The School Board contends that the district court erred in its conclusion that the underlying FLSA complaint did not allege a "wrongful act." It argues that the complaint clearly alleges numerous wrongful acts committed by the School Board in failing to pay its employees the wages and overtime pay required by the FLSA. The School Board contends further that the district court erred in holding that "because back wages are not covered 'loss,' liquidated damages and attorneys' fees, similarly, cannot be covered 'loss' since all three remedies arise from 'the same act or event—defendant's failure to pay the appropriate wages.'" The School Board asserts that the policy contains no such limitation and, indeed, contemplates that some remedies for a wrongful act will be covered while others are not. Finally, the School Board contends that the district court erred in concluding that liquidated damages and attorneys' fees are excluded as "fines and penalties imposed by law" or by their close linkage to a claim for back wages, which is not covered. It argues that liquidated damages and attorneys' fees are damages resulting from a wrongful act, independent of the obligation to pay back wages.

Franklin Insurance, urging that we affirm the district court's judgment, argues that "the alleged failure to pay wages and premium overtime [pay] pursuant to the requirements of the [FLSA] is not a wrongful act" because "the failure to comply with a pre-existing legal obligation is not a 'wrongful act.'" It also contends that a judgment obligating the School Board to pay liquidated damages and at-

torneys' fees would not be a covered loss within the policy's definition. According to Franklin Insurance, "[i]f the back pay that was owed is not covered, any liquidated damages or attorneys' fees awarded in connection with these damages are also not covered," because "the liquidated damages and attorneys' fees request arises from the School Board's alleged failure to comply with its preexisting obligation to pay wages."

The parties' arguments thus raise two basic questions: (1) whether the underlying FLSA complaint alleges a claim for a wrongful act; and (2) whether liquidated damages and attorneys' fees claimed because of the FLSA violations are losses covered by the policy. We address these issues in order.

## A

■ On its argument that the underlying FLSA action does not claim a "wrongful act," Franklin Insurance maintains that the School Board's failure to comply with the FLSA cannot be a wrongful act because the School Board had a preexisting duty to comply with the Act. It asserts that the "School Board's obligation to pay wages arose as soon as the work at issue was performed and therefore cannot constitute a later wrongful act covered by the policy," citing *Noxubee County School District v. United National Insurance Co.,* 883 So.2d 1159 (Miss.2004).

While a preexisting duty might be relevant to whether an insured suffers an insurable *loss,* it cannot be relevant to whether the insured is the subject of a claim for a *wrongful act.* *Every* duty breached or violated is necessarily a preexisting duty, and it is the *breach* or *violation* of that duty which constitutes a wrongful act. And, this is precisely how the insurance policy in this case defines a wrongful act: "'Wrongful act' means *any*

*breach of duty,* neglect, error, [or] omission." In the underlying FLSA complaint, the employees allege that the School Board failed to pay them wages. for all work done and for overtime work, in violation of the duties imposed by the FLSA. The School Board's alleged failures are thus breaches of the duty imposed by the FLSA and therefore wrongful acts. By its plain language, the policy covers claims for the wrongful acts alleged in the underlying complaint.

Confusingly, Franklin Insurance conflates the concepts of "wrongful act" and "loss," failing to recognize that a breach of a preexisting duty to pay is a wrongful act but that the resulting obligation to pay back wages may not be a loss resulting from that wrongful act. Such loss could only arise if the failure to fulfill the preexisting duty to pay wages caused "damages" *apart from* the back wages not paid. *See Pacific Ins. Co. v. Eaton Vance Mgmt.,* 369 F.3d 584, 590–91 (1st Cir.2004).

In *Pacific Insurance,* the insured recognized that it had not fulfilled its obligations to fund an ERISA plan, giving rise to a participant's suit. Nonetheless it contended that the "loss" it suffered as a result of having to fund the plan in order to settle the suit was a loss covered by its insurance policy. The court held that the funds the insured had to use to meet its original ERISA obligation to fund the plan were not a covered loss because "the underlying obligation for which reimbursement [was] sought existed *regardless of* whether [the insured] first complied with its fiduciary duties or breached them." *Pacific Ins.,* 369 F.3d at 590–91. In other words, the defendant had a preexisting duty to fund the ERISA plan; thus, the funds used later to do so were not losses incurred *"by reason of* any actual or alleged failure to discharge" its fiduciary duty. *Id.* at 592 (emphasis added). Agreeing with an earli-

er Seventh Circuit decision, the *Pacific Insurance* court concluded at bottom that the *preexisting contractual duty* was the cause of the asserted *loss,* not the allegedly *wrongful act* of failing to fund the ERISA plan as required. *Id.* at 593 (citing *May Dep't Stores v. Fed. Ins. Co.,* 305 F.3d 597, 601 (7th Cir.2002) (holding that the alleged "loss" (funds not paid into an ERISA plan) arose from the preexisting contractual obligations of the plan, not from the breach of ERISA in failing to pay benefits)).

Similarly, in another Mississippi case relied on by Franklin Insurance also involving an underlying FLSA action, the court concluded that the obligation to pay back wages for unpaid overtime work was not a "loss" under the policy at issue because it was not, as the policy required, incurred "by reason of a Wrongful Act" but rather by reason of a preexisting obligation. *Oktibbeha Cnty. Sch. Dist. v. Coregis Ins. Co.,* 173 F.Supp.2d 541, 543 (N.D.Miss. 2001).

In sum, these cases—*Pacific Insurance, May Department Stores,* and *Oktibbeha County*—stand for the proposition that a judgment ordering an insured to pay money that the insured was already obligated to pay, either by contract or by statute, is not a "loss" covered under an insurance policy that requires that the loss be caused by a "wrongful act." The alleged "loss" in such cases arises from the contract or the statute itself, not from the failure to abide by it. These cases do not stand for the proposition that the failure to comply with a preexisting duty cannot be a "wrongful act." Such a rule would not only be incompatible with the definition of "wrongful act" in such policies—defined broadly to include "any breach of duty"—but also is counterintuitive because no violation of the law could ever be a "wrongful act" as there

would always be a preexisting duty to follow the law.

Accordingly, we conclude that the underlying FLSA complaint in this case alleges "wrongful acts" on the part of the School Board within the meaning of the policy issued by Franklin Insurance.

B

On the question of whether the underlying FLSA complaint claims sums that amount to "losses" under the Franklin Insurance policy, the School Board does not contend that the obligation to pay *back wages and overtime pay* created "losses." It concedes that the obligation to pay back wages and overtime pay is a preexisting duty that was not the result of its wrongful act in allegedly violating the FLSA. But it does contend that the other financial consequences resulting specifically from its wrongful acts, in the form of liquidated damages and attorneys' fees, would be losses covered by the policy.

On that point, Franklin Insurance contends that liquidated damages and attorneys' fees cannot be covered losses because (1) they are inextricably connected with the claims for back wages and overtime pay, which themselves do not create losses, and thus none of these damages can be covered losses; (2) they are "fines or penalties imposed by law" and therefore excluded by the terms of the policy; and (3) they are restitutionary in nature and therefore not "damages," as required by the policy's definition of "loss."

The policy defines loss as "any amount which an insured is legally obligated to pay as damages" resulting from a claim for a wrongful act. The School Board contends that, unlike back wages, the liquidated damages and attorneys' fees would be damages resulting from its allegedly wrongful acts.

We have already agreed with the School Board that the preexisting duty doctrine eliminates back wages from the definition of "loss." As we have noted, though, the liquidated damages and attorneys' fees would not be payable because of any preexisting duty, and thus they *do* meet the policy's requirement that they "result[ ] from a claim for a wrongful act." The issue still remains whether liquidated damages and attorneys' fees would be "damages," as required by the policy's definition of "loss."

In contending that liquidated damages and attorneys' fees are not damages, but rather fines or penalties, Franklin Insurance overlooks controlling Supreme Court precedent holding that liquidated damages as authorized by the FLSA are not penalties but rather compensatory damages "for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages." *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 707, 65 S.Ct. 895, 89 L.Ed. 1296 (1945); *see also Marshall v. Brunner,* 668 F.2d 748, 753 (3d Cir.1982) (liquidated damages "are compensatory, not punitive in nature"). And the Eleventh Circuit has concluded more generally that "all of the relief provided in [29 U.S.C.] § 216(b) [authorizing liquidated damages and attorneys' fees] is compensatory in nature." *Snapp v. Unlimited Concepts, Inc.,* 208 F.3d 928, 934–35 (11th Cir.2000); *see also Lanza v. Sugarland Run Homeowners' Ass'n,* 97 F.Supp.2d 737, 740 (E.D.Va.2000) ("This scheme makes clear that § 216(b) is designed to compensate the aggrieved employee, not punish the offending employer"). Accordingly, we reject Franklin Insurance's argument.

Franklin Insurance argues alternatively that liquidated damages are restitutionary in nature and therefore not damages. It

reasons that any award that seeks to "restore an individual to his or her original position" is "restitutionary in nature" and therefore excluded from the definition of "damages." This argument fails again for the same reasons—the Supreme Court has concluded that liquidated damages are *compensatory* damages. In addition, were we able to accept Franklin Insurance's argument, we would be excluding almost all tort awards from the definition of "damages."

The district court, in finding liquidated damages and attorneys' fees to be penalties and therefore not "damages," relied on the title of 29 U.S.C. § 216, which labels the section, "Penalties." That reliance, however, was misplaced. First, while the entire section is labeled "Penalties," presumably because it includes subsections authorizing criminal and civil penalties, the particular subsection authorizing liquidated damages and attorneys' fees, § 216(b), is labeled "Damages; right of action; attorney's fees and costs; termination of right of action." If any title could be relied on, it would have to be the title to § 216(b). But titles are not generally meant to take the place of the substantive provisions of the text. *See Bhd. of R.R. Trainmen v. Baltimore & Ohio R.R.*, 331 U.S. 519, 528, 67 S.Ct. 1387, 91 L.Ed. 1646 (1947). In this case, § 216(b) authorizes liquidated *damages* and attorneys' fees, not *penalties*, as the Supreme Court observed in *O'Neil*.

■ Because the underlying FLSA complaint against the School Board asserts claims for liquidated damages and attorneys' fees arising, not from a preexisting duty, but because of the School Board's alleged wrongful acts, we conclude that they are damages resulting from a claim for the alleged wrongful act and therefore are covered losses.

At bottom, because the underlying *FLSA* complaint filed against the School Board demands not only back wages, but also liquidated damages and attorneys' fees resulting from the School Board's wrongful acts in failing to comply with the FLSA, we hold that any judgment against the School Board, to the extent it would include liquidated damages and attorneys' fees, would amount to a "loss," as defined in the Franklin Insurance policy, "resulting from a claim for a 'wrongful act.' " Because Franklin Insurance's policy provides coverage for this loss, we reverse the judgment of the district court.

*REVERSED*